UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

MATTHEW J. ROACH,

                Plaintiff,

      -against-                                5:15-CV-0408 (LEK/ATB)

JENNIFER CLARK, *et al.*,

                Defendants.

_____

# ORDER

This matter comes before the Court following a Report-Recommendation filed on April 22, 2015, by the Honorable Andrew T. Baxter, U.S. Magistrate Judge, pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3. Dkt. No. 7 ("Report-Recommendation"). *Pro se* Plaintiff Matthew J. Roach ("Plaintiff") timely filed Objections. Dkt. No. 9 ("Objections").

Within fourteen days after a party has been served with a copy of a magistrate judge's report-recommendation, the party "may serve and file specific written objections to the proposed findings and recommendations." FED. R. CIV. P. 72(b); L.R. 72.1(c). If a party objects to a report-recommendation, "the Court subjects that portion of the report-recommendation to a *de novo* review." Williams v. Roberts, No. 11-CV-0029, 2012 WL 760777, at *3 (N.D.N.Y. Mar. 7, 2012) (citing FED. R. CIV. P. 72(b)(2) and 28 U.S.C. § 636(b)(1)(C)); see also United States v. Male Juvenile, 121 F.3d 34, 38 (2d Cir. 1997). If no objections are made, or if an objection is general, conclusory, perfunctory, or a mere reiteration of an argument made to the magistrate judge, a district court should review that aspect of a report-recommendation for clear error. Barnes v. Prack, No. 11-CV-0857, 2013 WL 1121353, at *1 (N.D.N.Y. Mar. 18, 2013); Farid v. Bouey, 554 F. Supp. 2d 301, 306-07 & n.2 (N.D.N.Y. 2008); see also Machicote v. Ercole, No. 06 Civ. 13320, 2011 WL

3809920, at *2 (S.D.N.Y. Aug. 25, 2011) ("[E]ven a *pro se* party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a second bite at the apple by simply relitigating a prior argument."). "A [district] judge . . . may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b).

Plaintiff objects to the portion of the Report-Recommendation explaining that Plaintiff may not represent his child as a *pro se* litigant. See Objs. at 2-5; Report-Rec. at 2. The Report-Recommendation states that Plaintiff "may not represent either Ms. Davendorf or A.R.," and therefore reviewed the Complaint only as it applied to Plaintiff. Report-Rec. 2-3. Therefore, A.R.'s Application to proceed *in forma pauperis* was not approved, because it was improperly filed by Plaintiff, who is not admitted to practice law. See Lattanzio v. COMTA, 481 F.3d 137, 139-40 (2d Cir. 2007); see also 28 U.S.C. § 1654.

The remainder of Plaintiff's Objections merely reiterate allegations made in the Complaint, or are conclusory. See generally Objs. Accordingly, the Court has reviewed the remainder of the Report-Recommendation for clear error and has found none.

Accordingly, it is hereby:

**ORDERED**, that the Report-Recommendation (Dkt. No. 7) is **APPROVED and ADOPTED in its entirety**; and it is further

**ORDERED**, that Plaintiff's claims against Defendants Clark, Warren, Snyder, Gonzales, Woodfork, and Onondaga County are **DISMISSED without prejudice and with leave to replead** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim; and it is further

**ORDERED**, that Plaintiff's claims against Defendants Pirro-Bailey, White, Jennifer "Doe,"

2

John "Doe," and Sutkowy are **DISMISSED with prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); and it is further

**ORDERED**, that Plaintiff's Motion (Dkt. No. 1) for a temporary restraining order is **DENIED**; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Order on Plaintiff in accordance with the Local Rules.

**IT IS SO ORDERED**.

DATED:  July 02, 2015
    Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge